ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
CALENDAR: F
PAGE 1 of 20
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Jennifer Rosenfeld
*and*
Daniel Rosenfeld,
      *plaintiff,*

v.

Target Corporation,
*doing business as* Target Pharmacy,
Target Brands, Inc.,
*doing business as* Target Pharmacy,
*and*
Unknown Registered Pharmacists,
      *Defendants,*

*and*

Jenna Therese Cherchio *and*
Unknown Registered Pharmacists,
      *Respondents in Discovery.*



No.

# VERIFIED COMPLAINT

## COUNT ONE
## HEALING ARTS MALPRACTICE

Now comes Jennifer Rosenfeld, by her attorneys, Michael D. Poulos and C. Robert Black of Poulos Black P.C., and complaining of the defendants, Target Corporation, doing business as Target Pharmacy, Target Brands, Inc., doing business as Target Pharmacy, and Unknown Registered Pharmacists, states as follows:

1.     The plaintiff in this Count One is Jennifer Rosenfeld.

2.     The defendants are as follows:

    a.     Target Corporation, doing business as Target Pharmacy.

    b.     Target Brands, Inc., doing business as Target Pharmacy.


EXHIBIT "A"

  c. Unknown Registered Pharmacists.

3. Target Corporation is a Minnesota corporation.

4. Target Corporation is authorized by the Illinois Secretary of State to do business in the State of Illinois.

5. The registered agent and registered office for Target Corporation in Illinois is CT Corporation System, 208 South LaSalle Street, Chicago, Illinois 60604.

6. Target Brands, Inc. is a Minnesota Corporation.

7. On information and belief, Target Brands, Inc. is not authorized to do business in the State of Illinois by the Illinois Secretary of State

8. No registered agent is listed for Target Brands, Inc. with the Minnesota Secretary of State.

9. The Chief Executive Officer of Target Brands, Inc. is Tim Baer.

10. The registered office of Target Brands is 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

11. At all times relevant to this complaint, Target Corporation owned and operated a pharmacy at 2621 West Schaumberg Road, Schaumburg, Illinois 60194.

12. This pharmacy was known as Target Pharmacy #0835.

13. At all times relevant to this complaint, this pharmacy was duly licensed by the State of Illinois.

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 2 of 20

14. Jennifer Rosenfeld does not know the role of Target Brands, Inc. in the ownership and operation of Target Pharmacy #0835.

15. On the website for Target stores a search for the pharmacy in zip code 60194 yields a page identifying the store containing Target Pharmacy #0835 and shows the name Target Brands, Inc. and not Target Corporation.

16. On information and belief, at all times relevant to this complaint Target Brands, Inc. has some role in the ownership, operation, or marketing of Target Pharmacy #0835.

17. At all times relevant to this complaint one or more Registered Pharmacists were employed as pharmacists at Target Pharmacy #0835.

18. All such pharmacists worked under the direction and control of Target Corporation or Target Brands, Inc.

19. On May 26, 2011, Dr. Maria Martinez gave Jennifer Rosenfeld a prescription for Nortrel.

20. Nortrel is a birth control medication.

21. Jennifer Rosenfeld filled her prescription for Nortrel at Target Pharmacy #0835 on multiple occasions up to September 21, 2011.

22. On February 8, 2012, Dr. Mark McGuire gave Jennifer Rosenfeld a prescription for Sprintec.

23. Sprintec is a birth control medication.

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 3 of 20

24. Jennifer Rosenfeld filled her prescription for Sprintec at Target Pharmacy #0835 on February 9, March 6, and March 26, 2012.

25. Known adverse reactions to Sprintec can include nausea and vomiting, breakthrough bleeding, gastro-intestinal symptoms such as abdominal cramps and bloating, spotting, menstrual flow changes, amenorrhea, migraine, depression, vaginal candidiasis, edema, weight changes, cervical erosion and secretion.

26. Jennifer Rosenfeld suffered cramping and irregular bleeding while taking Sprintec.

27. At all times relevant to this complaint Target Pharmacy #0835 had a program to automatically refill prescriptions.

28. The Target Pharmacy #0835 program to automatically refill prescriptions is sometimes referred by personnel at Target Pharmacy #0835 as "auto-refill."

29. On or prior to April 15, 2012, Jennifer Rosenfeld directed Target Pharmacy #0835 to remove Sprintec from auto-refill and to put Nortrel on "auto-refill."

30. On or about April 15, 2012 Jennifer Rosenfeld picked up her prescription for Nortrel from Target Pharmacy #0835.

31. A record of Target Pharmacy #0835 called "Medical Expenses" show that it filled Jennifer Rosenfeld's prescription for Nortrel on April 15, 2012.

32. A record of Target Pharmacy #0835 called "Duplicate Receipt" shows, to the contrary, that it filled Jennifer Rosenfeld's prescription for Sprintec on April 15, 2012.

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 4 of 20

33. The medication for Jennifer Rosenfeld dispensed by Target Pharmacy #0835 and picked up by or on behalf of Jennifer Rosenfeld on or about April 15, 2012 was Nortrel and not Sprintec.

34. On or about May 25, 2012 Jennifer Rosenfeld requested a refill of her prescription for Nortrel from Target Pharmacy #0835.

35. A record of Target Pharmacy #0835 called "Medical Expenses" show that it filled Jennifer Rosenfeld's prescription for Nortrel on May 25, 2012.

36. A record of Target Pharmacy #0835 called "Duplicate Receipt" shows that it filled Jennifer Rosenfeld's prescription for Nortrel on May 25, 2012.

37. On May 26, 2012 Jennifer Rosenfeld went to Target Pharmacy #0835 to pick up her prescription for Nortrel.

38. The medication for Jennifer Rosenfeld dispensed by Target Pharmacy #0835 and given to Jennifer Rosenfeld by Target Pharmacy #0835 on May 26, 2012 was Sprintec.

39. An employee of Target Pharmacy #0835 verbally confirmed to Jennifer Rosenfeld at the time she picked up her prescription that it was Nortrel.

40. An unknown person at Target Pharmacy #0835 wrote the word "Nortrel" on the outside of the bag containing Sprintec that Target Pharmacy #0835 gave to Jennifer Rosenfeld on May 26, 2012.

41. Jennifer Rosenfeld took the Sprintec believing it to be Nortrel on May 27, 28, 29, and 30, 2012.

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 5 of 20

42. As a result of taking Sprintec, Jennifer Rosenfeld suffered debilitating cramps, menstrual bleeding, diarrhea, severe pain, vomiting, dehydration, dizziness, mental stress, and loss of sleep.

43. Because of the symptoms detailed in the foregoing paragraph, Jennifer Rosenfeld was unable to do all of her work causing a loss of income and was unable to complete homework in connection with the Master's Degree in the Clinical Mental Health Counseling program she was pursuing or engage in normal activities of daily living.

44. On May 30, 2012, Jennifer Rosenfeld discovered that the medication she was taking was Sprintec and not Nortrel.

45. On May 30, 2012, Jennifer Rosenfeld personally went to Target Pharmacy #0835 and reported the error in filling her prescription.

46. Target Pharmacy #0835 then dispensed to Jennifer Rosenfeld a prescription for Nortrel and demanded that she pay for it in addition to the incorrectly dispensed Sprintc for which she had already paid.

47. Jennifer Rosenfeld then complained to a store manager and completed a "guest incident report."

48. The store manager then authorized the dispensing of the Nortrel at no charge.

49. The store manager also gave Jennifer Rosenfeld $12 in store coupons.

50. No employee of Target Corporation, Target Brands, Inc., or Target Pharmacy #0835 advised Jennifer Rosenfeld's physician that it had given Jennifer Rosenfeld Sprintec on May 26, 2012 or that she had taken the Sprintec.

51. No employee of Target Corporation, Target Brands, Inc., or Target Pharmacy #0835 advised Jennifer Rosenfeld she should not switch from Sprintec to Nortrel mid-cycle.

52. As a result of being given Nortrel by Target Pharmacy #0835 on May 30, 2012 to replace the Sprintec improperly given her by Target Pharmacy #0835 on May 26, 2012, Jennifer Rosenfeld began taking Nortrel on May 31, 2012.

53. Jennifer Rosenfeld continued taking Nortrel until June 28, 2012.

54. Target Pharmacy #0835 violated its standard of care in the following ways:

   a. Dispensing Sprintec instead of Nortrel to Jennifer Rosenfeld on May 26, 2012.

   b. Failing to identify to the patient the medication dispensed on May 26, 2012 as Sprintec and not Nortrel.

   c. Not advising Jennifer Rosenfeld's physician that she had been dispensed and had taken Sprintec instead of Nortrel.

   d. Writing "Nortrel" on a bag containing Sprintec.

   e. Failure to determine if it was medically correct for Jennifer Rosenfeld to simply switch back to Nortrel mid-cycle.

   f. Failure to warn Jennifer Rosenfeld of the dangers and possible adverse reactions of switching back to Nortrel mid cycle.

55. Jennifer Rosenfeld does not know how defendants came to fill her prescription for Nortel with Sprintec, and relies upon the doctrine of *res ipsa loquitur* in

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 7 of 20

this regard because the medical result complained of, specifically, the filling of a prescription with the wrong medicine, would not have ordinarily occurred in the absence of negligence on the part of the defendant.

56. As a result of Target Pharmacy #0835 violating its standard of care, Jennifer Rosenfeld suffered adverse and debilitating reactions including debilitating cramps, menstrual bleeding, diarrhea, severe pain, vomiting, dehydration, dizziness, mental stress, and loss of sleep.

57. As a result of these adverse reactions Jennifer Rosenfeld suffered the following losses:

    a. Extreme pain and suffering.

    b. Mental stress and anguish.

    c. Loss of a normal life.

    d. Lost earnings from her inability to work.

    e. A delay in the completion of her program of education seeking a Master's Degree in Clinical Mental Health Counseling.

    f. Lost earnings from the delay in the completion of her program of education seeking a Master's Degree in Clinical Mental Health Counseling.

58. In all matters alleged above, Target Pharmacy #0835 acted through one or more Registered Pharmacists who were responsible for the supervision of the activities of Target Pharmacy #0835, the dispensing of medicine, and the proper response when a prescription is improperly filled.

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 8 of 20

59. Jennifer Rosenfeld does not know the name or names of such Registered Pharmacists.

60. As a result, she joins such Registered Pharmacists as "Unknown Registered Pharmacists."

61. On information and belief, all persons acting for Target Pharmacy #0835 acted as employees of and under the supervision and control of Target Corporation or Target Brands, Inc.

62. Jennifer Rosenfeld believes Jenna Therese Cherchio and Unknown Registered Pharmacists have information essential to the determination of who should properly be named as additional defendants in this action and therefore designates them as respondents in discovery pursuant to 735 ILCS 5/2-402.

Wherefore, Jennifer Rosenfeld prays for judgment against defendants, Target Corporation, doing business as Target Pharmacy, Target Brands, Inc., doing business as Target Pharmacy, and Unknown Registered Pharmacists for an amount in excess of $50,000, together with her costs of this action.

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 9 of 20

## COUNT TWO
## LOSS OF CONSORTIUM

Now comes Daniel Rosenfeld, by his attorneys, Michael D. Poulos and C. Robert Black of Poulos Black P.C., and complaining of the defendants, Target Corporation, doing business as Target Pharmacy, Target Brands, Inc., doing business as Target Pharmacy, and Unknown Registered Pharmacists, states as follows:

63-124. Daniel Rosenfeld alleges paragraphs 1 through 62 of Count One as paragraphs 63 through 124 of Count Two and incorporates them in Count Two by reference.

125. The plaintiff in this Count Two is Daniel Rosenfeld.

126. Daniel Rosenfeld and Jennifer Rosenfeld were lawfully married in the State of Illinois on July 10, 2008.

127. Daniel Rosenfeld and Jennifer Rosenfeld have been continuously married from that date to the present date.

128. At all times relevant to this complaint, including May 25, 2012, May 26, 2012, and May 30, 2012, the defendants owed a duty to Jennifer Rosenfeld to exercise the standard of care required of a pharmacist in the dispensing of her prescription medicine, Nortrel.

129. The defendants violated that duty of care by its acts alleged above, including dispensing the wrong medication, namely, Sprintec, to Jennifer Rosenfeld, failing to inform her physician of the mistake, and failing to warn her that she should not switch from Sprintec to Nortrel mid-cycle.

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 10 of 20

130. As a proximate result of the negligence of the defendants, Jennifer Rosenfeld suffered the injuries complained of above.

131. As a proximate result of the injuries sustained by Jennifer Rosenfeld, Daniel Rosenfeld suffered damages as a result of the loss of consortium, society, and services of his wife, Jennifer Rosenfeld, financial expense, and emotional distress.

132. Daniel Rosenfeld believes Jenna Therese Cherchio and Unknown Registered Pharmacists have information essential to the determination of who should properly be named as additional defendants in this action and therefore designates them as respondents in discovery pursuant to 735 ILCS 5/2-402.

Wherefore, Daniel Rosenfeld prays for judgment against defendants, Target Corporation, doing business as Target Pharmacy, Target Brands, Inc., doing business as Target Pharmacy, and Unknown Registered Pharmacists for an amount in excess of $50,000, together with his costs of this action.

Respectfully Submitted:

Michael D. Poulos
*Attorney for Jennifer and Daniel Rosenfeld*

*Attorney Code 26342*
**Michael D. Poulos**
**POULOS BLACK P.C.**
*Attorneys for Jennifer and Daniel Rosenfeld*
1724 Sherman Avenue, Suite 201
Evanston, Illinois 60201
Telephone 847-492-9800
Fax 847-492-9801
*Service by E-mail Accepted at*
Notice.Michael@PoulosLaw.com

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 11 of 20

JENNIFER ROSENFELD AND DANIEL ROSENFELD V. TARGET CORPORATION
VERIFIED COMPLAINT

## VERIFICATION BY CERTIFICATION

Under the penalties as provided by law pursuant to paragraph 1-109 of the Illinois Code of Civil Procedure, the undersigned certify that the statements set forth in this instrument are true and correct, except as to matters stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he or she verily believes the same to be true.

_____
Jennifer Rosenfeld

_____
Daniel Rosenfeld

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 12 of 20

*Attorney Code 26342*
**Michael D. Poulos**
**POULOS BLACK P.C.**
*Attorneys for Jennifer and Daniel Rosenfeld*
1724 Sherman Avenue, Suite 201
Evanston, Illinois 60201
Telephone 847-492-9800
Fax 847-492-9801
*Service by E-mail Accepted at*
Notice.Michael@PoulosLaw.com

State of Illinois  }
County of Cook   } ss.

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 13 of 20

Jennifer Rosenfeld
*and*
Daniel Rosenfeld,
           *plaintiff,*

v.

Target Corporation,
*doing business as* Target Pharmacy,
Target Brands, Inc.,
*doing business as* Target Pharmacy,
*and*
Unknown Registered Pharmacists,
           *Defendants,*

*and*

Jenna Therese Cherchio *and*
Unknown Registered Pharmacists,
           *Respondents in Discovery.*

No.

### RULE 222 AFFIDAVIT

Affiants, under the penalties as provided by law pursuant to paragraph 1-109 of the Illinois Code of Civil Procedure, state that the statements set forth below are true and correct, except as to matters stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he or she verily believes the same to be true:

1. Jennifer Rosenfeld is a plaintiff in this action.

2. Daniel Rosenfeld is a plaintiff in this action.

JENNIFER ROSENFELD V. TARGET CORPORATION
RULE 222 AFFIDAVIT

3. The total money damages sought in this action exceeds $50,000.

_____
Jennifer Rosenfeld

_____
Daniel Rosenfeld

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 14 of 20

*Attorney Code 26342*
Michael D. Poulos
**POULOS BLACK P.C.**
*Attorneys for Jennifer and Daniel Rosenfeld*
1724 Sherman Avenue, Suite 201
Evanston, Illinois 60201
Telephone 847-492-9800
Fax 847-492-9801
Notice.Michael@PoulosLaw.com

State of Illinois } ss.
County of Cook

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION



Jennifer Rosenfeld
*and*
Daniel Rosenfeld,
    *plaintiff,*

v.

Target Corporation,
*doing business as* Target Pharmacy,
Target Brands, Inc.,
*doing business as* Target Pharmacy,
*and*
Unknown Registered Pharmacists,
    *Defendants,*

*and*

Jenna Therese Cherchio *and*
Unknown Registered Pharmacists,
    *Respondents in Discovery.*

No.

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 15 of 20

### AFFIDAVIT PURSUANT TO 725 ILCS 5/2-622

Affiant, under the penalties as provided by law pursuant to paragraph 1-109 of the Illinois Code of Civil Procedure, states that the statements set forth below are true and correct, except as to matters stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he or she verily believes the same to be true:

1. My name is Michael D. Poulos.

2. I am an attorney licensed to practice law in the State of Illinois.

JENNIFER ROSENFELD V. TARGET CORPORATION
RULE 222 AFFIDAVIT

3. I am an attorney for the plaintiff in this case, Jennifer Rosenfeld.

4. I have consulted and reviewed the facts of this case with a health professional who I reasonably believe:

    a. Is knowledgeable in the relevant issues involved in the particular action;

    b. Practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and

    c. Is qualified by experience or demonstrated competence in the subject of the case.

5. That the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action, that there is a reasonable and meritorious cause for the filing of such action.

6. That I have concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

7. A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, is attached to this affidavit.

8. I am relying in part on the doctrine of *res ipsa loquitur* in this case.

9. The reviewing health professional has, after reviewing the medical record and other relevant materials involved in the particular action, concluded that a

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 16 of 20

reasonable health professional would have informed the patient of the consequences of taking the medications as set forth in the complaint.

10. I was unable to obtain a consultation with a physician licensed to practice medicine in all its branches as required by 735 ILCS 5/622 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations.

Michael D. Poulos

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 17 of 20

*Attorney Code 26342*
**Michael D. Poulos**
**POULOS BLACK P.C.**
*Attorneys for Jennifer and Daniel Rosenfeld*
1724 Sherman Avenue, Suite 201
Evanston, Illinois 60201
Telephone 847-492-9800
Fax 847-492-9801
Notice.Michael@PoulosLaw.com

## REPORT – PAGE 1

1. My name is William V. Mattson.

2. I am an Illinois Registered Pharmacist and have been so registered since August 2, 1974.

3. I am the owner of Ballin Pharmacy and Stone Pharmacy in Chicago.

4. I am knowledgeable in the area of dispensing prescription medicines at retail pharmacies.

5. I have practiced as a registered pharmacist within the past six years and am familiar with the standard of care applicable to the dispensing of prescription medications and the steps that must be taken in the event of an error in dispensing a prescription medication.

6. I am qualified by experience and demonstrated competence in the subject of the standard of care applicable to the dispensing of prescription medications and the steps that must be taken in the event of an error in dispensing a prescription medication.

7. After a review of the medical records and other relevant material involved in the dispensing of Sprintec and Nortrel to Jennifer Rosenfeld in May and June, 2012 by Target Pharmacy #0835, that there is a reasonable and meritorious cause for the filing of an action against Target Pharmacy, its corporate owner, and the responsible pharmacist or pharmacists for dispensing the wrong prescription, failing to notify the prescribing physician of the error once the error was discovered, and furnishing the correct prescription mid-cycle without warning Jennifer Rosenfeld of the risks of switching prescriptions mid-cycle.

8. Specifically:

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 18 of 20

## REPORT – PAGE 2

    a. A pharmacist and pharmacy have an absolute duty to supply the correct prescription to a patient;

    b. A pharmacist and pharmacy have an absolute duty to correctly identify the medication furnished the patient;

    c. If a pharmacist fills a prescription with the incorrect medication, the patient takes the incorrect medication, and the patient informs the pharmacy or pharmacist that she was given and took the wrong medication, the pharmacy and pharmacist have a duty to notify the patient's doctor that the prescription was filled with the incorrect medication and the patient took the incorrect medication; and

    d. A pharmacist and pharmacy should not simply substitute the correct medication for the incorrect one without consulting with the patient's doctor, determining whether there is a chance of adverse side effects from switching the medication, and warning the patient of such adverse side effects.

9. In the case of this incident:

    a. The pharmacist and pharmacy (Target Pharmacy #0835) filled Ms. Rosenfeld's prescription with Sprintec when it should have been filled with Nortrel;

    b. The bag in which the prescription was placed contained the word "Nortrel" on it;

    c. The "Duplicate Receipt" and the "Medical Expenses" report from Target Pharmacy #0835 show the prescription being filled to be Nortrel.

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 19 of 20

## REPORT – PAGE 3

    d.    The prescription in the bag, however, was Sprintec.

    e.    When Jennifer Rosenfeld advised Target Pharmacy of the error it appears they failed to notify Jennifer Rosenfeld's physician of the error. Instead they gave her the correct prescription without informing her that she should not change birth control medications mid-cycle and advising her of the adverse medical consequences of doing so.

    f.    Jennifer Rosenfeld suffered adverse side effects from taking the Sprintec which were then aggravated by switching back to Nortrel mid-cycle.

10. The filling of a prescription with the wrong medication would not ordinarily occur without negligence on the part of the pharmacy and pharmacist. Therefore, it is my opinion that negligence has occurred in the filling of the prescription.

11. After reviewing the medical records and other relevant materials involved in this particular action, I have concluded that a reasonable health professional would have informed Jennifer Rosenfeld of the possible consequences of switching from Sprintec to Nortrel mid-cycle.

Date: 5/10/2014

William V. Mattson, Registered Pharmacist

ELECTRONICALLY FILED
5/22/2014 4:07 PM
2014-L-005525
PAGE 20 of 20